# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD EUGENE BENDER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>W. J. SULLIVAN, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00857-LJO-GBC PC<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND AS BARRED BY THE STATUTE OF LIMITATIONS<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**I.    Screening Requirement**

　　Plaintiff Floyd Eugene Bender ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The complaint in this action was filed on May 15, 2009. (Doc. 1.)

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

　　In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.   Discussion

Plaintiff alleges that on April 23, 2004, Defendants provided him with a contaminated food tray, used excessive force in subduing him when Plaintiff attempted to gas the officer, and failed to provide medical care for his asthma after he was pepper sprayed in violation of the Eighth and Fourteenth Amendments.[1] (Doc. 1, Comp., pp. 4-6.) Plaintiff filed an inmate appeal, log number CCI-0-05-01595. The appeal was denied at the first level on June 30, 2005. (Id., p. 29.) Plaintiff was informed that he needed to process the appeal through the second level review on October 6, December 30, 2005, and April 22, 2006. (Id., pp. 25, 26, 27.) Plaintiff's appeal was rejected at the second level on May 12, 2006, because he did not file the appeal within the time constraints of the grievance process. (Id., pp. 20, 21.)

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

---

[1] On December 3, 2004, Plaintiff pled, in Kern County Superior Court, to a violation of California Penal Code Section 4501.5, Battery on a Correctional Officer by a Prisoner, and was sentenced to three years which was doubled pursuant to Penal Code Section 667(e). (Doc. 1, p. 43.)

2

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006)).

Additionally, the incident complained occurred on April 23, 2004. Plaintiff did not file this action until May 15, 2009. Federal law determines when a claim accrues, and "under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999)); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions requires that the claim be filed within 2 years. Cal. Code Civ. Proc. § 335.1: Jones, 393 F.3d at 927.

In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See Hardin v. Straub, 490 U.S. 536, 539 (1989). Pursuant to the California Code of Civil Procedure section 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Thus, incarcerated plaintiffs have four years from the date that the cause of action accrued in which to file suit, if the cause of action accrued while said plaintiff was incarcerated.

In this case, Plaintiff is complaining of events that occurred in April of 2004. The statute of

3

limitations ran on plaintiff's claim in April of 2008. Plaintiff did not file the instant action until May 15, 2009, approximately one year after the statute of limitations ran on Plaintiff's claim. Therefore, the Court deems it necessary for Plaintiff to show cause why this entire action should not be dismissed, with prejudice, for failure to exhaust administrative remedies and as barred by the statute of limitations.

Accordingly, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why this action should not be dismissed, with prejudice, on the grounds that Plaintiff failed to exhaust administrative remedies and the action is barred by the statute of limitations; and

2. If Plaintiff fails to respond to this order, the Court will recommend that this action be dismissed, with prejudice, for failure to exhaust administrative remedies and as barred by the statute of limitations.

IT IS SO ORDERED.

Dated:   December 14, 2010

UNITED STATES MAGISTRATE JUDGE