# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD EUGENE BENDER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>W. J. SULLIVAN, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00857-LJO-GBC PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THE ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(Doc. 1, 10, 11)<br><br>THIRTY-DAY DEADLINE |

　　　Plaintiff Floyd Eugene Bender ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 6, 2010, the Court screened the complaint and issued an order to show cause why the action should not be dismissed for failure to exhaust and as barred by the statute of limitations. (Doc. 10.) Plaintiff filed a response on January 18, 2010. (Doc. 11.)

　　　The complaint alleges incidents that took place on April 23, 2004. (Doc. 1, Comp. p. 4.) Plaintiff filed an inmate appeal on May 8, 2005. In his inmate appeal Plaintiff stated the incident occurred on April 23, leaving out the year of the incident. (Doc. 11, Response, pp. 21-25.) On June 30, 2005, Plaintiff received the first level response. The letter informed Plaintiff that the appeal was "found to be in compliance with departmental policy by managers at the first and second level, and the Investigative Services Unit" and he was to follow the directions on the back of the appeal form if he was dissatisfied with the results. (Id., p. 28.) Plaintiff misunderstood this and thought that he had received his second level appeal response. Plaintiff filed a director's level appeal without filing

1

1  the second level appeal. On October 6, 2005, December 30, 2005, and April 22, 2006, Plaintiff's
2  documents were returned. Each time he was informed that he must complete the second level of
3  appeal. He was advised to submit the documents directly to the Appeals Coordinator for review and
4  appropriate action. (Id., pp. 13-15.) On May 12, 2006, Plaintiff received a response on his second
5  level appeal that he had waited for approximately a year to file on the original incident and the
6  grievance should not have been accepted when originally filed. (Id., p. 26.)

7  Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with
8  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
9  confined in any jail, prison, or other correctional facility until such administrative remedies as are
10 available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement
11 applies to all prisoner suits relating to prison conditions. Woodford v. Ngo, 548 U.S. 81, 85 (2006).
12 All available remedies must be exhausted, not just those remedies that meet federal standards, id.
13 at 84, nor must they be "plain, speedy, and effective," Booth v. Churner, 532 U.S. 731, 739 (2001).
14 Prisoners must complete the prison's administrative process, regardless of the relief sought by the
15 prisoner and regardless of the relief offered by the process, as long as the administrative process can
16 provide some sort of relief on the complaint stated. Id at 741; see Woodford, 548 U.S. at 93. Where
17 it is clear on the face of the complaint that the plaintiff has not yet exhausted the administrative
18 grievance procedure, the action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315
19 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for
20 dismissal . . . ."); see also Davis v. Pineda, 347 Fed.Appx. 343 (9th Cir. 2009) (unpublished).

21 The California Department of Corrections has an administrative grievance system for
22 prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the
23 department's jurisdiction may appeal any departmental decision, action, condition, or policy which
24 they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs., tit. 15 §
25 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second
26 formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15,
27 § 3084.5. An inmate "must submit the appeal within 15 working days of the event or decision being
28 appealed, or of receiving an unacceptable lower level appeal decision." Cal. Code Regs. tit 15, §

3084.6(c).

    Plaintiff failed to comply with the California Department of Corrections grievance system because he did not file his appeal until approximately one year after the incident occurred. Since Plaintiff did not include the year on the original appeal form this defect was missed at the first level of appeal. However, at the second level of appeal a review of the incident revealed that it had occurred on April 23, 2004, and the appeal was rejected as being untimely. The grievance was properly rejected since Plaintiff failed to comply with the requirement to file within the time allowed by the regulations. Woodford, 548 U.S. at 90. Since "[e]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court," Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter v. Nussle, 435 U.S. 516, 524 (2002)), the Court recommends that this action be dismissed for failure to exhaust administrative remedies. Based on the Court's finding that Plaintiff did not exhaust the available administrative remedies prior to filing suit, the Court does not reach the issue of whether the suit is barred by the statute of limitations.

    Based on the foregoing the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for Plaintiff's failure to exhaust administrative remedies.

    These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

Dated:   January 21, 2011

UNITED STATES MAGISTRATE JUDGE